IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 15-611 (RGA) |
| v. | ) | |
| | ) | REDACTED -- PUBLIC VERSION |
| COMCAST CABLE COMMUNICATIONS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 15-612 (RGA) |
| v. | ) | |
| | ) | REDACTED -- PUBLIC VERSION |
| COXCOM LLC and | ) | |
| COX COMMUNICATIONS INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 15-614 (RGA) |
| v. | ) | |
| | ) | REDACTED -- PUBLIC VERSION |
| DISH NETWORK CORPORATION, | ) | |
| DISH NETWORK LLC, | ) | |
| DISH DBS CORPORATION, | ) | |
| ECHOSTAR CORPORATION, and | ) | |
| ECHOSTAR TECHNOLOGIES, L.L.C. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 15-615 (RGA) |
| v. | ) | |
| | ) | REDACTED -- PUBLIC VERSION |
| TIME WARNER CABLE INC. and TIME | ) | |
| WARNER CABLE ENTERPRISES LLC, | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| TQ DELTA, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 15-616 (RGA) |
| | ) |
| v. | ) REDACTED -- PUBLIC VERSION |
| | ) |
| VERIZON SERVICES CORP., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
## MOTION TO COMPEL DISCOVERY REGARDING PRIVILEGE DISPUTES

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendants Comcast Cable Communications LLC, CoxCom LLC, Cox Communications Inc., Time Warner Cable Inc., and Time Warner Cable Enterprises LLC*

ROSS ARONSTAM & MORITZ LLP
Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
bschladweiler@ramllp.com

*Attorneys for Defendant Verizon Services Corp.*

OF COUNSEL:

L. Norwood Jameson
Matthew C. Gaudet
Corey J. Manley
David C. Dotson
S. Neil Anderson
DUANE MORRIS LLP

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
etennyson@mnat.com

*Attorneys for Defendants Dish Network Corporation, Dish Network LLC, Dish DBS Corporation, Echostar Corporation and Echostar Technologies, L.L.C.*

OF COUNSEL:

Michael G. Rhodes
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
(415) 693-2000

Stephen R. Smith
Rose Whelan
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004
(202) 842-7800

1075 Peachtree Street N.E., Suite 2000
Atlanta, GA 30309-3929
(404) 253-6900

John M. Baird
DUANE MORRIS LLP
505 9th Street, N.W., Suite 1000
Washington, DC 2004-2166
(202) 776-7819
*Attorneys for Defendants Comcast Cable*
*Communications LLC, CoxCom LLC, Cox*
*Communications Inc., Time Warner Cable Inc.,*
*Time Warner Cable*
*Enterprises LLC, and Verizon Services Corp.*

Heidi L. Keefe
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
(650) 843-5000

Stephen McBride
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
(703) 456-8000

*Attorneys for Defendants Dish Network*
*  Corporation, Dish Network LLC, Dish*
*  DBS Corporation, Echostar Corporation*
*  and Echostar Technologies, L.L.C.*

Original Filing Date:  October 21, 2016
Redacted Filing Date:  October 28, 2016

## TABLE OF CONTENTS

**Page**

I.     NATURE AND STAGE OF THE PROCEEDINGS ......................................................1

II.    SUMMARY OF THE ARGUMENT ....................................................................1

III.   STATEMENT OF FACTS ..................................................................................2

     A.    Aware Inc. and Plaintiff's Patent Acquisition Negotiations ..................................2

     B.    The Present Lawsuits and Plaintiff's Privilege Logs ...............................................3

IV.   Legal Standards ..................................................................................................5

     A.    Attorney-Client Privilege ..................................................................................5

     B.    Work-Product Doctrine ....................................................................................6

     C.    Common Interest Doctrine ...............................................................................7

V.    ARGUMENT ......................................................................................................7

     A.    The Agreement Negotiation Documents Should Be Produced ..............................7

          1.    The Common Interest Doctrine Does Not Apply......................................8

          2.    The Agreement Negotiation Documents Are Not Privileged ..................10

     B.    The ▉ Documents Should Be Produced ...........................................................13

     C.    The Aware ▉▉▉▉ Documents Should Be Produced....................................14

     D.    Plaintiff Should Produce and/or Log its Internal Communications.....................14

VI.   CONCLUSION ................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*City of Springfield v. Rexnord Corp.*,
    196 F.R.D. 7 (D. Mass. 2000) ......................................................................................... 12

*Del. Display Grp. LLC v. Lenovo Grp. Ltd.*,
    No. 13-2108-RGA, 2016 WL 720977 (D. Del. Feb. 23, 2016) ..................................... *passim*

*Emmanouil v. Roggio*,
    499 F. App'x 195 (3d Cir. 2012) .................................................................................... 11

*Energy Capital Corp. v. United States*,
    45 Fed. Cl. 481 (2000) .................................................................................................... 13

*Katz v. Am. Tel. & Tel. Corp.*,
    191 F.R.D. 433 (E.D. Pa. 2000) ....................................................................................... 9

*Idenix Pharm., Inc. v. Gilead Scis., Inc.*,
    ---F. Supp. 3d ---, 2016 WL 4060098 (D. Del. July 20, 2016) ................................. 6, 10, 12

*Immersion Corp. v. HTC Corp.*,
    No. CV 12-259-RGA, 2014 WL 3948021 (D. Del. Aug. 7, 2014) ................................. 10, 13

*In re Grand Jury*,
    705 F.3d 133 (3d Cir. 2012) ....................................................................................... 5, 6, 11

*In re Regents of Univ. of Cal.*,
    101 F.3d 1386 (Fed. Cir. 1996) ........................................................................................ 7

*In re Teleglobe Commc'ns Corp.*,
    493 F.3d 345 (3d Cir. 2007) ........................................................................................ 5, 13

*Leader Techs., Inc. v. Facebook, Inc.*,
    719 F. Supp. 2d 373 (D. Del. 2010) ............................................................................. *passim*

*Novartis Pharms. Corp. v. Abbott Labs.*,
    203 F.R.D. 159 (D. Del. 2001) ...................................................................................... 6, 7

*U.S. v. Windsor Capital Corp.*,
    524 F. Supp. 2d 74 (D. Mass. 2007) ............................................................................ 6, 11

*Union Carbide Corp. v. Dow Chem. Co.*,
    619 F. Supp. 1036 (D. Del. 1985) ................................................................................. 8, 12

*United States v. Rockwell Int'l*,
    897 F.2d 1255 (3d Cir. 1990) ........................................................................................... 6

*Wachtel v. Health Net, Inc.*,
    482 F.3d 225 (3d Cir. 2007) ........................................................................ 6, 11

## I.   NATURE AND STAGE OF THE PROCEEDINGS

Pursuant to the Court's October 11, 2016 Oral Order (D.I. 158 at 38:13-43:14) (Ex. 1),[1] Defendants[2] hereby move to compel production of certain documents that Plaintiff TQ Delta, LLC ("Plaintiff") has improperly logged as privileged or otherwise failed to produce.

## II.   SUMMARY OF THE ARGUMENT

Plaintiff should be required to produce documents that it has either improperly withheld as privileged or that it has failed to produce.  Plaintiff improperly invokes the following privilege doctrines in the following circumstances:

- Plaintiff purchased the intellectual property at issue from Aware, Inc. ("Aware"). Plaintiff improperly invokes multiple inapplicable privileges to withhold the communications between itself, on the one hand, and Aware and its broker (a law firm), on the other hand, even though this transaction was an arm's length transaction where the parties were on the opposite ends of the bargaining table.

- ████████████████████████████████████████████████████████ ████████████████████████  Plaintiff improperly seeks to withhold those documents, despite being generated by a third party, shared with any and all interested parties, and eventually given to Plaintiff.

- Plaintiff improperly withholds documents communicated to a non-attorney third party providing investment banking services.

---

[1] Unless otherwise noted, all docket citations are to C.A. No. 15-611.

[2] "Defendants" here are Comcast Cable Communications LLC; Coxcom LLC; Cox Communications Inc., DISH Network Corporation, DISH Network LLC, DISH DBS Corporation, Echostar Corporation, Echostar Technologies, L.L.C., Time Warner Cable Inc., Time Warner Cable Enterprises LLC, and Verizon Services Corp.

Finally, Plaintiff has failed to produce internal documents.  Plaintiff should be required to either produce or log these documents.

## III.   STATEMENT OF FACTS

### A.   Aware Inc. and Plaintiff's Patent Acquisition Negotiations

In 2015, Plaintiff filed these actions, alleging infringement of patents it acquired from Aware.  Prior to 2012, Aware was actively looking to sell its intellectual property, including certain patents.

To assist with the sale of the patents, Aware hired a law firm, Global IP LLP ("Global IP").  Global IP appears to have acted primarily as Aware's sales agent, not as legal counsel.  Global IP advertises itself as doing business in a "patent marketplace," a place where "a seller needs an advocate that can get the attention of likely buyers and convince those buyers of the patents' value."  (Ex. 2 (http://www.giplg.com/patent-sales.cfm).)  Global IP also indicates that it performs various business functions for patent sales, such as "employing financial modeling." (*Id.*)  Global IP's work for Aware appears to include business advice, such as holding ███████ ████████████████████████ and ███████████████ providing Aware with █ █████████ and ██████████████████████ and updating Aware on the ████████ (Ex. 3 (Aware priv. log) at entries 1-2, 12, 75-76, 96, 100-101, 117.)  Ignoring the fact that its patent sales services include providing significant non-legal business advice, Global IP's website incorrectly states that "because we are lawyers, the preparatory work we do is protected by the attorney-client privilege."  (Ex. 2 (http://www.giplg.com/patent-sales.cfm).)

Late in Aware's patent sales process, Global IP introduced Aware to Plaintiff.  Specifically, Global IP connected Aware and Techquity Capital Management ("Techquity"), ████████████████████████████████████████████████ (Exs.  4-5

██████████████████████████████) Techquity and Aware negotiated the terms of the patent acquisition, including the price.  On August 22, 2012, Aware and Plaintiff entered into a ██████████████████████████ whereby Aware sold its DSL intellectual property to Plaintiff for $16 million ("Agreement").  (*See* Ex. 6 ████████████████████ *see also* Ex. 7 ([http://ir.aware.com/secfiling.cfm?filingid=1188112-12-2695&cik=1015739](http://ir.aware.com/secfiling.cfm?filingid=1188112-12-2695&cik=1015739)).)  Under the terms of the Agreement, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (Ex. 6 ██████████████████████████████████

### B.    The Present Lawsuits and Plaintiff's Privilege Logs

Plaintiff alleges that Defendants' accused products infringe the asserted patents (all of which Plaintiff acquired from Aware) by purportedly using certain portions of the Multimedia over Coax Alliance ("MoCA") standards.

Agreement Negotiation Documents.  During negotiations over the acquisition of Aware's intellectual property, Plaintiff obtained documents from Aware related to the patents it purchased, including their value.  Plaintiff logged these documents on its privilege log at entries 1-7, 205-268, and 306-380.  (*See* Ex. 8 (compilation of Plaintiff's privilege logs and supplements thereto).)  Plaintiff alleges that these documents are protected from disclosure by the attorney-client privilege, work-product doctrine, and the common interest doctrine.  Several of these documents are undated, and many of the document descriptions suggest that they were prepared for business, not legal, purposes.  For example, a number of the documents are ████████████ ████████████████ (*Id.* at entries 2-6.)

██ Documents. ████████████████████████████████████████████████

████████████████████████ Although Plaintiff alleges these documents are protected by the

attorney-client privilege, work-product doctrine, and the common interest doctrine, ██ is not a

law firm. ████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████ ██████████████████████████████████████

████████████████████████████████ Additionally, none of the

descriptions for these documents indicate their subject matter sufficiently to confirm Plaintiff's

privilege assertions.

Aware's ██████ Documents.  When Aware was attempting to sell the patents that

were ultimately acquired by Plaintiff, Aware ████████████████████████████

████████████████████. (*See* Ex. 3 (Aware priv. log) at entries 3-7, 17, 19-20, 24-25,

33, and 102; Ex. 10 (8/12/2016 email to Aware ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████) It appears that multiple parties may have reviewed these

documents, including ███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

Internal Documents Neither Produced Nor Logged. Plaintiff's counsel instructed its

witness not to answer questions about numerous topics during Plaintiff's Rule 30(b)(6)

deposition, including ████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

(*See* Ex. 11, Roche Tr. at 24:6-25:4; 28:19-30:16; 31:13-35:22; 37:23-39:8; 44:6-24; 52:13-53:3; 53:4-54:5; 69:5-14; 91:14-20; 93:17-95:11; 95:20-96:13; 97:22-98:17; 99:12-100:2; 102:15-105:25; 106:25-107:25; 113:2-25; 127:5-129:16; 132:5-24; 142:8-144:5; 153:8-155:6; and 189:5-21.)  Although Plaintiff presumably has documents relating to these topics, it has not produced or logged them.

## IV.     LEGAL STANDARDS

### A.     Attorney-Client Privilege

The party asserting privilege bears the burden of establishing the requisite elements.  *In re Grand Jury*, 705 F.3d 133, 160 (3d Cir. 2012); *see also Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, No. 13-2108-RGA, 2016 WL 720977, at *4 (D. Del. Feb. 23, 2016).  For the attorney-client privilege to apply, "there must be (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *Del. Display*, 2016 WL 720977, at *4 (internal quotation marks omitted).  A communication is not made "in confidence," and privilege does not attach, if "persons other than the client, its attorney, or their agents are present."  *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 361 (3d Cir. 2007).  *Id.*  Thus, "if a client subsequently shares a privileged communication with a third party, then it is no longer confidential, and the privilege ceases to protect it."  *Id.*

The "privilege does, after all, hinder the truth-seeking process;" thus, its use is "carefully police[d]."  *Teleglobe*, 493 F.3d at 361.  For example, if the "primary purpose of a communication is to solicit or render advice on non-legal matters, the communication is not

within the scope of the attorney-client privilege." *Idenix Pharm., Inc. v. Gilead Scis., Inc.*, --- F. Supp. 3d ---, 2016 WL 4060098, at *3 (D. Del. July 20, 2016); *see also Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007) ("Where a lawyer provides non-legal business advice, the communication is not privileged."); *U.S. v. Windsor Capital Corp.*, 524 F. Supp. 2d 74, 81 (D. Mass. 2007) (holding attorney-client privilege does not apply when an attorney, who "may wear several other hats (*e.g.*, business advisor, financial consultant)," is engaged in "nonlegal work."). "Nonlegal work" includes "the rendering of business or technical advice unrelated to any legal issues." *Id.*; *see also In re Grand Jury*, 705 F.3d at 160 (contrasting "request for legal advice (e.g., how ABC Corp. wants to respond to the target company's assertion that it is not responsible for maintaining certain patents)," which is protected, with a "purely administrative request (*e.g.,* where the business records should be transferred and whether a binder has been made)," which is not).

### B.     Work-Product Doctrine

"The party asserting protection under the work product doctrine 'has the burden of demonstrating that the disputed documents were prepared by or for the party or its attorney and prepared in anticipation of litigation or for trial.'" *Del. Display*, 2016 WL 720977, at *2 (quoting *Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001)); *see also United States v. Rockwell Int'l*, 897 F.2d 1255, 1266 (3d Cir. 1990) (holding "[w]ork product prepared in the ordinary course of business is not protected from discovery"). In order "to satisfy that burden, the party must establish that the material . . . [was] prepared in anticipation of litigation for that party." *Del. Display*, 2016 WL 720977, at *2 (alteration in original). If the document sought "is prepared for a nonparty to the litigation, work product protection does not apply, even if the nonparty is a party to closely related litigation." *Id.*

6

### C.      Common Interest Doctrine

The "common interest doctrine is an exception to the general rule that the attorney-client privilege is waived following disclosure of privileged materials to a third party." *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 376 (D. Del. 2010).  Such communications between clients and attorneys "allied in a common legal cause remain protected because it is reasonable to expect that parties pursuing common legal interests intended resultant disclosures to be insulated from exposure beyond the confines of the group." *Id.* (quoting *In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1389 (Fed. Cir. 1996) (internal quotation marks omitted)).  The common interest doctrine applies only if the party seeking its protection demonstrates that "the disclosures would not have been made but for the sake of securing, advancing, or supplying legal representation." *Id.*  "Further, for a communication to be protected, the interests must be identical, not similar, and be legal, not solely commercial." *Id.* (internal quotation marks omitted).

## V.      ARGUMENT

As the party asserting privilege, Plaintiff has the burden of proving that its claim of privilege is proper. *Del. Display*, 2016 WL 720977, at *2 (quoting *Novartis Pharms.*, 203 F.R.D. at 163).  As set forth below, Plaintiff cannot satisfy the following elements of its privilege claims for certain documents on its privilege log.  Nor can it justify its outright failure to either produce or log certain other documents.

### A.      The Agreement Negotiation Documents Should Be Produced

The Agreement negotiation documents Plaintiff logged as entries 1-7, 205-268, and 306-380 on its privilege log are not privileged.  Plaintiff received these documents from Aware during Agreement negotiations.  Because Plaintiff cannot satisfy its burden for either the

common interest doctrine or any other asserted privilege, the Court should order production of the documents.

### 1.   The Common Interest Doctrine Does Not Apply

For the common interest doctrine to apply, the parties must share an identical common legal interest. *Leader Techs.*, 719 F. Supp. 2d at 376.  Here, however, there is no such common interest between Aware and Plaintiff because they were opposing parties in an arms-length transaction.  Thus, Aware waived any privilege that it may have had with respect to the logged documents when it provided the documents to Plaintiff during the Agreement negotiations.  *See id*.

Aware provided the Agreement negotiation documents to Plaintiff in an effort to sell patents to Plaintiff in an arm's length transaction.  Under these circumstances, however, there is no common interest for such arms-length negotiations.  *See, e.g.*, *Union Carbide Corp. v. Dow Chem. Co.*, 619 F. Supp. 1036, 1050 (D. Del. 1985) (no common interest where "parties approached this issue at arm's length"); *Leader Techs.*, 719 F. Supp. 2d at 376-77; *Del. Display*, 2016 WL 720977, at *4 (holding common interest must be "legal, not solely commercial").  Thus, Plaintiff and Aware did not share an identical common legal interest with respect to the logged documents.

Plaintiff's claim that it shares a common legal interest with Aware ███████████████ ████████████████████████████████████████████ is legally incorrect.  The "mere right to receive a royalty, along with the obvious 'interest' in receiving that royalty," does not "suffice[] to create a shared, identical legal interest." *Del. Display*, 2016 WL 720977, at *5.  If accepted, Plaintiff's "logic would find that any seller with rights to royalty payments is engaged in a common legal cause with its buyer." *Id.*  But, the "only interest [Aware] retained in the

patents is a commercial one." *Id.* Thus, Plaintiff cannot show that the challenged documents "would not have been made but for the sake of securing, advancing, or supplying legal representation." *Id.* Accordingly, the common interest doctrine does not apply.

Even assuming *arguendo* that Plaintiff and Aware shared a common interest (which they do not), such an interest would not have existed until *after* an agreement in principle was reached. *See Katz*, 191 F.R.D. at 437 (holding common interest applies in an arms-length transaction only after at least an agreement in principle is reached). However, Plaintiff has not alleged that an agreement in principle was reached before the Agreement was signed, much less provided a date for any such agreement. Nor has Plaintiff identified a common *legal* interest, only a common *financial* interest. Furthermore, Plaintiff's privilege log does not provide dates for entries 3-7, so there is no way to determine when they were provided to Plaintiff. Additionally, entries 1-2 and 205-268 appear to have been provided to Plaintiff by Aware before any agreement was reached.

Moreover, even assuming a common interest applied (which it does not), its scope would be limited to the issues on which the parties have an "identical and legal" common interest. *Leader*, 719 F. Supp. 2d at 376 (for common interest doctrine to apply, interests "must be identical, not similar, and be legal, not solely commercial"). Here, the only rights in the patents that Aware retained were ███████████████████████████████████████ (Ex. 6 ████████████████) Therefore, the only issues on which there could be an identical and legal common interest are invalidity and enforceability of the patents. However, based on the descriptions of the logged documents, most if not all of the documents appear to relate to issues *other than* validity and enforceability. For example, entries 2-6 describe documents

regarding ███████████████████████████████████████████████████████

████████████████████████.

Accordingly, the common interest doctrine does not apply to the documents in entries 1-7, 205-268, and 306-380 of Plaintiff's privilege log.  Plaintiff should be required to produce those documents.

### 2.   The Agreement Negotiation Documents Are Not Privileged

Even if the common interest doctrine did apply to the Agreement negotiation documents that Plaintiff received from Aware, such documents still must be produced because they were not privileged in the first place.  The common interest doctrine is not an independent privilege.  *See Leader Techs.*, 719 F. Supp. at 376.  Rather, it is "an exception to the general rule that the attorney-client privilege is waived following disclosure of privileged materials to a third party." *Id.*  Thus, even if the common interest doctrine was applicable, Plaintiff must show that the documents were initially privileged as to Aware.  Plaintiff has failed to satisfy its burden.

Each of the Agreement negotiation documents was authored at least in part and sent by Global IP.  (*See* Ex. 8 (Plaintiff's privilege log) at entries 1-7, 205-268 and 306-380.)  Although Global IP is a law firm, Plaintiff's assertion that these documents are privileged because they were authored by Global IP is misplaced.  As discussed above, Global IP appears to have served primarily as a business consultant, not as a legal advisor on the transaction.  Thus, the Agreement negotiation documents are not privileged.  *See Immersion Corp. v. HTC Corp.*, C.A. No. 12-259-RGA, 2014 WL 3948021, at *1 n.1 (D. Del. Aug. 7, 2014) (rejecting privilege claim and noting that the party that prepared the document at issue was a "financial consulting firm hired by [plaintiff's] counsel to conduct royalty and licensing analysis"); *Idenix Pharm., Inc. v. Gilead Scis., Inc.*, --- F. Supp. 3d ---, 2016 WL 4060098, at *3 (D. Del. July 20, 2016) (holding if the

"primary purpose of a communication is to solicit or render advice on non-legal matters, the communication is not within the scope of the attorney-client privilege"); *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007) ("Where a lawyer provides non-legal business advice, the communication is not privileged."); *Emmanouil v. Roggi*o, 499 F. App'x 195, 199 (3d Cir. 2012) ("Excluded from the privilege's protection is any advice that is not legal in nature, such as business advice, or communications made in the presence of a third party."); *Windsor Capital*, 524 F. Supp. 2d at 81 (holding attorney-client privilege does not apply when an attorney, who "may wear several other hats (*e.g.*, business advisor, financial consultant)," is engaged in "nonlegal work.").

In fact, Plaintiff's privilege log entries do not indicate that any document was created or transmitted for the purpose of seeking or providing legal advice, as the attorney-client privilege requires.  *See, e.g.*, *In re Grand Jury*, 705 F.3d at 160 (party claiming privilege "bears the burden of demonstrating that the privilege applies," which includes "support for its assertion that this was a request for legal advice").  ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████  Although Plaintiff asserts that ██████████████████  included on its log contain legal advice, Plaintiff has failed to support its blanket assertion that the documents "reflect[] legal advice" or that they were prepared "in anticipation of litigation," particularly given that Aware was selling the patents during this time frame, and Plaintiff did not file a lawsuit until years later.  Indeed, Plaintiff has not even asserted that the Agreement negotiation documents were created or provided in response to a request for

11

legal advice.[3]  "Often patent attorneys perform not only the legal functions of preparing and prosecuting patent applications but evaluate the business ramifications of the company's patent position as well." *Union Carbide*, 619 F. Supp. at 1046.  But communications with respect to such business ramifications do not enjoy privilege protection.[4]  *See Identix*, 2016 WL 4060098, at *3 (holding that "ambiguous description" in log that document created by client for counsel "regarding legal issues" was insufficient to show primary purpose for legal advice).

Furthermore, the documents appear to have been prepared for Plaintiff (and possibly other potential purchasers of the patents).  If the documents sought are "prepared for a nonparty to the litigation, work product protection does not apply, even if the nonparty is a party to closely related litigation." *Del. Display*, 2016 WL 720977, at *3.  Although not clear from the present record, to the extent any of the documents were prepared by a third party (*e.g.*, Global IP) for another third party (*e.g.*, Plaintiff or another potential purchaser), they cannot be protected by the work-product doctrine.  *Id.*

Thus, Plaintiff has not satisfied its burden of showing that the Agreement negotiation documents in entries 1-7, 205-268, and 306-380 of its privilege log are protected from disclosure by the attorney-client privilege.  Although these documents were prepared by Global IP, they were done so for business and commercial purposes, not for seeking or providing legal advice.

---

[3] At least one document was authored by a non-attorney ██████████ and the mere fact that it was sent to Global IP, along with several other recipients, does not automatically make the document privileged. *City of Springfield v. Rexnord Corp.*, 196 F.R.D. 7, 9 (D. Mass. 2000) (communications "do not attain privileged stature solely because in-house or outside counsel is 'copied in'").

[4] At a minimum, Plaintiff has not provided sufficient information to determine whether Global IP was serving in a business or legal role when creating the logged documents or to determine whether the claimed privileges apply.  Especially in light of Global IP's own statements that it is in the business of providing business, as well as legal, advice (*see* Section III.A, *supra*), Plaintiff has failed to satisfy its burden.

**B.      The ███ Documents Should Be Produced**

Documents logged as entries 303-305 of Plaintiff's privilege log were prepared by ███

a non-attorney third party.  As Plaintiff stated in its October 7, 2016, response letter brief, ███

████████████████████████████████████████████████████████████████████

████████████████████████      Accordingly, the ███ documents are not privileged.  *Teleglobe*,

493 F.3d at 361.

Documents exchanged with a third party may be protected by the attorney-client privilege

only if the party claiming privilege offers a "detailed factual showing . . . to establish the

relationship between the client and a third party that is sought to be included within the

protection of the attorney-client privilege."  *Energy Capital Corp. v. United States*, 45 Fed. Cl.

481, 492 (2000).  Here, Plaintiff has failed to make such a showing.  Plaintiff has not shown that

███ was Plaintiff's attorney, nor could it.  Indeed, it has offered no basis for its assertion of

attorney-client privilege, work product immunity, or common interest privilege over the

documents shared with third-party ███, much less a detailed factual showing.  *See id.*;

*Immersion*, 2014 WL 3948021, at *2 (finding documents not privileged where "[t]here [wa]s no

evidence that [the documents were] transmitted for the purpose of providing legal advice").

Thus, documents shared with ███ are not privileged.

Even if the ███ Documents were somehow privileged, the common interest doctrine

would not protect the documents from disclosure.  There is no indication that ███ and Plaintiff

share "identical" and "legal" interests, as required for the common interest doctrine.  *Leader*, 719

F. Supp. 2d at 376 (for common interest doctrine to apply, interests "must be identical, not

similar, and be legal, not solely commercial").

Thus, the ▮▮▮ documents (entries 303-305 on Plaintiff's privilege log) are not protected from disclosure, and Plaintiff should be ordered to produce them.

### C.    The Aware ▮▮▮▮▮ Documents Should Be Produced

Aware's privilege log indicates that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*See* Ex. 3 (Aware priv. log) at entries 3-7, 17, 19-20, 24-25, 33, and 102; Ex. 10 (8/12/2016 email to Aware).)  This disclosure to various third parties who did not share an identical common or legal interest with Aware waived any privilege that applied to such documents. *Leader Techs.*, 719 F. Supp. 2d at 376.  Furthermore, Aware recently confirmed that Plaintiff was in possession of each of these documents.  (Ex. 12 (9/30/2016 Ltr. from Aware) at 1.)  Although it is impossible for Defendants to conclusively determine whether any documents on Plaintiff's privilege logs were among those in ▮▮▮▮▮▮▮▮▮▮▮▮ based on a comparison of Aware's and Plaintiff's logs, it appears that at least entries 1, 2, 10, 17, 19, 20, or 211 – 264 on Plaintiff's log may have been ▮▮▮▮▮▮.  To the extent that Plaintiff has logged any of these documents, Plaintiff should be compelled to produce them.

### D.    Plaintiff Should Produce and/or Log its Internal Communications

Apart from items 1-7, 205-268, and 306-380 on Plaintiff's privilege log discussed above, Plaintiff's privilege log essentially consists of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (*See* Ex. 8.)  Plaintiff's counsel instructed its witness not to answer questions about numerous topics during Plaintiff's Rule 30(b)(6) deposition, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14

████████████████████████████████████████████████████

██████. (*See* Ex. 11, Roche Tr. at 24:6-25:4; 28:19-30:16; 31:13-35:22; 37:23-39:8; 44:6-24; 52:13-53:3; 53:4-54:5; 69:5-14; 91:14-20; 93:17-95:11; 95:20-96:13; 97:22-98:17; 99:12-100:2; 102:15-105:25; 106:25-107:25; 113:2-25; 127:5-129:16; 132:5-24; 142:8-144:5; 153:8-155:6; and 189:5-21.)   Thus, Plaintiff presumably has documents on these topics.   Although many of these documents are highly unlikely to actually be privileged, Plaintiffs failure to either produce or log them so that Defendants can challenge any incorrect privilege assertions is improper.   Plaintiff should be ordered to promptly produce, or at a minimum log, such documents.

## VI.     CONCLUSION

For the foregoing reasons, this Court should compel Plaintiff to (1) produce the Agreement negotiation documents (entries 1-7, 205-268, and 306-380) on Plaintiff's privilege log, (2) produce the ████ documents (entries 303-305) on Plaintiff's privilege log, (3) produce any documents on Plaintiff's privilege log that were in the Aware █████ (entries 3-7, 17, 19-20, 24-25, 33, and 102) and (4) produce or log Plaintiff's internal documents sought by Defendants.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jennifer Ying
_____
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendants Comcast Cable*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Rodger D. Smith II
_____
Rodger D. Smith II (#3778)
Eleanor G. Tennyson (#5812)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
etennyson@mnat.com

*Attorneys for Defendants Dish Network*

*Communications LLC, CoxCom LLC, Cox Communications Inc., Time Warner Cable Inc., and Time Warner Cable Enterprises LLC*

ROSS ARONSTAM & MORITZ LLP

*/s/ Benjamin J. Schladweiler*
_____

Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
bschladweiler@ramllp.com

*Attorneys for Defendant Verizon Services Corp.*

OF COUNSEL:

L. Norwood Jameson
Matthew C. Gaudet
Corey J. Manley
David C. Dotson
S. Neil Anderson
DUANE MORRIS LLP
1075 Peachtree Street N.E., Suite 2000
Atlanta, GA 30309-3929
(404) 253-6900

John M. Baird
DUANE MORRIS LLP
505 9th Street, N.W., Suite 1000
Washington, DC 2004-2166
(202) 776-7819
*Attorneys for Defendants Comcast Cable Communications LLC, CoxCom LLC, Cox Communications Inc., Time Warner Cable Inc., Time Warner Cable Enterprises LLC, and Verizon Services Corp.*

October 21, 2016

*Corporation, Dish Network LLC, Dish DBS Corporation, Echostar Corporation and Echostar Technologies, L.L.C.*

OF COUNSEL:

Michael G. Rhodes
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
(415) 693-2000

Stephen R. Smith
Rose Whelan
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
(202) 842-7800

Heidi L. Keefe
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

Stephen McBride
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
(703) 456-8000

*Attorneys for Defendants Dish Network Corporation, Dish Network LLC, Dish DBS Corporation, Echostar Corporation and Echostar Technologies, L.L.C.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 21, 2016, I caused the foregoing to be electronically filed

with the Clerk of the Court using CM/ECF, which will send notification of such filing to all

registered participants.

I further certify that I caused copies of the foregoing document to be served on October

21, 2016 upon the following in the manner indicated:

Brian E. Farnan, Esquire                                          *BY ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Peter J. McAndrews, Esquire                                    *BY ELECTRONIC MAIL*
Thomas J. Wimbiscus, Esquire
Scott P. McBride, Esquire
Rajendra A. Chiplunkar, Esquire
James P. Murphy, Esquire
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
*Attorneys for Plaintiff*


                                    */s/ Jennifer Ying*
                                    _____
                                    Jennifer Ying (#5550)