IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TQ DELTA LLC,                         :
                                      :
              Plaintiff,              :
                                      :
       v.                             :        Civil Action No. 15-615-RGA
                                      :
TIME WARNER CABLE INC., et al.,       :
                                      :
              Defendants.             :


**MEMORANDUM ORDER**

Before me is Plaintiff's motion for reconsideration. (D.I. 537). It is opposed. (D.I. 539). The order that Plaintiff wants me to reconsider sustained the Special Master's Order #19. (D.I. 533).

Motions to reconsider are sparingly granted. Plaintiff says I made four mistakes in my two-page order. Plaintiff says the result is manifest injustice to Plaintiff.

I do not believe that the order is full of mistakes. First, it is not erroneous to say that Plaintiff could have taken the appropriate discovery in the DISH case. Plaintiff says it had no reason to take the discovery in the DISH case. It took the discovery in the TWC case; it could have taken it in the DISH case. It simply did not. Second, Plaintiff argues that it is wrong to say the discovery is irrelevant to the TWC case. It bases this conclusion in part on the argument that TWC may renege on an agreement that it made long before the deposition in question and which it has reconfirmed numerous times since. In other words, Plaintiff's theory as to why the evidence is relevant in TWC's case is conditioned on TWC backing out of an agreement that it appears it is not possible for TWC to back out of even if it were so inclined to try. Plaintiff's

other relevance theory is not that the evidence is somehow relevant to the TWC case in the normal sense of relevance (that is, that it would be admissible in connection with some disputed issue), but that not permitting the evidence to be disclosed would help DISH accomplish an end that would work to TWC's benefit. That is not the usual meaning of "relevance" in the context of litigation. Third, the parties have made a record of what the noticed topic was. (D.I. 537 at 5-6; D.I. 539 at 2-3). Plaintiff has not convinced me that there was any error in my previous order in regard to whether the topic of joint defense agreements was clearly noticed. Fourth, I continue to believe that the Rule 30(b)(6) testimony would not be admissible at a hearing in the DISH case where the rules of evidence applied.[1]

For the above reasons, the motion for reconsideration (D.I. 537) is DENIED.

IT IS SO ORDERED this 22nd day of November 2022.

United States District Judge

---

[1] An issue of the extent of IPR estoppel is not a jury issue.